Adam v. Hawaii Property Ins., et al.  CV-04-342-SM  11/30/04
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Richard Adam,
     Plaintiff

     v.                                   Civil No. 04-342-SM
                                          Opinion No. 2004 DNH 175
Hawaii Property Insurance Association
and Island Insurance Companies, Ltd.,
     Defendants


                      O R D E R


     Pro se plaintiff, Richard Adam, brings this action against

Island Insurance Companies and the Hawaii Property Insurance

Association, seeking damages for alleged violations of his civil

rights.  He also asserts claims of racial conspiracy, racial

discrimination, and fraud.  Although the precise nature of this

dispute is not clear, it appears to arise out of defendants'

refusal to pay an insurance claim that Adam submitted when his

home was damaged by fire - a fire which defendants say Adam

purposefully started.  It also appears that Adam attempted

(unsuccessfully) to litigate substantially similar claims in

Hawaii, where the fire-damaged home is located and where, until

recently, Adam resided.

Defendants move to dismiss Adam's complaint on four grounds: first, they say this court lacks personal jurisdiction over them; next, they assert that Adam's claims are barred by the doctrine of res judicata; third, defendants say that Adam's claims are barred by the pertinent statutes of limitation; and, finally, defendants assert that the District of New Hampshire is not the proper venue for Adam's suit. Adam objects.

## Discussion

Adam is proceeding pro se, and likely because he has had no formal legal training, his complaint is inartfully drafted. Among other things, he repeatedly urges the court to exercise its diversity jurisdiction and yet, at the same time, appears to assert several claims under federal law. So, for example, the first paragraph of his complaint reads:

> This complaint is based on the following federal
> statute[s:] 28 U.S.C. 1332 for diversity of
> citizenship; amount in controversy; costs. And as part
> of compensatory, punitive and exemplary damages
> involves violation of 42 U.S.C. 1981, 42 U.S.C. 1982,
> 42 U.S.C. 1983 and 42 U.S.C. 1985(3), 42 U.S.C. 1986.

Complaint at 1. Adam also claims that the Hawaii Property Insurance Association is a state-created entity, suggesting that

2

it might qualify as a "state actor" for purposes of 42 U.S.C. § 1983. Nevertheless, his complaint alleges few of the essential elements of viable federal claims.

I.   Personal Jurisdiction.

Since it is unclear whether Adam is actually advancing any federal claims, it is necessarily difficult to determine which standard of review applies to defendants' motion to dismiss for lack of personal jurisdiction. If, as defendants implicitly assume, Adam is actually asserting only state law claims (and is invoking this court's diversity subject matter jurisdiction), then the burden he bears in establishing the existence of personal jurisdiction over defendants is relatively high. See generally Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995).[1]

If, on the other hand, Adam's claims arise out of federal law, the applicable standard governing this court's exercise of

---

[1]   While defendants' motion to dismiss for lack of personal jurisdiction is drafted as if Adam has advanced only state law claims, defendants acknowledge that the complaint "also apparently alleges that the Defendants violated [plaintiff's] civil rights pursuant to 42 U.S.C. § 1981-86." Defendants' memorandum at 1.

personal jurisdiction imposes on Adam a fairly modest burden.  As the Court of Appeals for the First Circuit has noted:

> The personal jurisdiction inquiry in federal question cases like this one differs from the inquiry in diversity cases.  Here, the constitutional limits of the court's personal jurisdiction are fixed not by the Fourteenth Amendment but by the due process Clause of the Fifth Amendment.  This distinction matters because under the Fifth Amendment, a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state.

United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001) (citations and internal punctuation omitted).

Defendants' memorandum of law addresses only that showing a plaintiff must make in order to demonstrate the existence of personal jurisdiction over a defendant in a diversity case; their memorandum is silent as to the (lower) burden imposed on a plaintiff in a federal question case.  And, parenthetically, the court notes that defendants' motion to dismiss for lack of personal jurisdiction is unaccompanied by any of the customarily expected attachments or exhibits (e.g., affidavits from corporate officers attesting to the fact that defendants have never done business in New Hampshire and hold no property in this state;

4

certificates of incorporation or affidavits supporting counsels' assertion that defendants are incorporated in the state of Hawaii, etc.).

Absent clarification from Adam about the precise nature of his claims, the court cannot fairly determine whether he invokes this court's federal question jurisdiction or its diversity jurisdiction (though the former seems more likely). And, absent more focused arguments (and supporting documentation) from defendants, the court cannot conclude that personal jurisdiction over defendants in this district is lacking.

II. Venue.

Presumably invoking the provisions of Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), defendants move to dismiss Adam's complaint on grounds that venue in this district is not proper. Whether venue is proper often depends upon the basis of the court's subject matter jurisdiction. Compare 28 U.S.C. § 1391(a) with 28 U.S.C. § 1391(b). Nevertheless, both section 1391(a)(1) and section (b)(1) provide that venue is proper in a "judicial district where

5

any defendant resides, if all defendants reside in the same state."

For purposes of determining whether venue is proper, a corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction." 28 U.S.C. § 1391(c). Consequently, the problem associated with determining personal jurisdiction over one or both of the defendants arises again, and also precludes the court from determining whether Adam's claims are subject to dismissal (or transfer) based upon improper venue.

III. Res Judicata and Statute of Limitations.

Plaintiff's prior state law action against defendants appears to have been based upon substantially the same set of facts as those giving rise to this litigation. And, say defendants, the dismissal of that state court action bars this proceeding under the doctrine of res judicata. The court disagrees.

As defendants correctly point out in their legal memorandum, for res judicata to apply, defendants must demonstrate, among other things, that plaintiff's earlier state court litigation ended with a final judgment on the merits in their favor. Importantly, however, the documents submitted by defendants reveal that plaintiff's action was dismissed, without prejudice, for failure to file a pretrial statement. Defendants have not pointed to any authority suggesting that under Hawaii law such a dismissal is "on the merits." Accordingly, they have failed to demonstrate that this proceeding is barred by the doctrine of res judicata.

Finally, defendants assert that plaintiff's claims are time-barred. In support of that view, defendants point out that the fire which destroyed plaintiff's home (and gave rise to his wrongful denial of insurance claims, etc.) occurred in 1998.

> The fire at the Complainant's home in Hawaii occurred in October 1998, but the instant Complaint was not filed until on or about September 13, 2004. Pursuant to [N.H. Rev. Stat. Ann. Ch.] 508:4, the Complainant's allegations are time barred. In addition, any 42 U.S.C. § 1986 claim brought by the Complainant is

7

> barred because the action was not brought within one year after the cause of action accrued.

Defendants' memorandum at 11-12.

While plaintiff's complaint lacks clarity regarding the nature of some of his claims, one thing can be said with a reasonable degree of certainty: those claims "accrued" at the earliest when defendants denied his insurance claim, not when the fire occurred.  Defendants do not disclose when they denied plaintiff's insurance claim (nor have they provided any evidence relevant to that issue).

## Conclusion

Defendant's motion to dismiss (document no. 2) is, for the foregoing reasons, denied without prejudice.  But, their points about the ambiguity and vagueness of plaintiff's complaint are well taken.  Accordingly, on or before **December 30, 2004,** plaintiff shall file with the court (and shall mail copies to the defendants) an amended complaint.  Among other things, that amended complaint shall:

8

1. Set forth each separate claim or cause of action that plaintiff asserts in a separate count; and

2. Specifically state whether each such cause of action is brought pursuant to state or federal law (e.g., "state common law claim for fraud" or "federal civil rights claim under 42 U.S.C. § 1983"); and

3. Succinctly plead facts supporting each such claim.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 30, 2004

cc:  Richard Adam, pro se

9